146. Defendants made fraudulent and/or negligent misrepresentations regarding adverse information at a time when it knew, or should have known, that Diet Drugs had defects, dangers, and characteristics that were other than what Defendants had represented to the prescribing doctors or other dispensing entities, the FDA, and the consuming public, including Plaintiffs. Specifically, Defendants misrepresented the following:

a. It was dangerous to prescribe the Diet Drugs;

b. Diet Drugs were not intended for cosmetic weight-loss;

c. The Diet Drugs carried risks of serious adverse effects;

d. After discontinuing use, most users of the Diet Drugs would regain any weight lost as a result of its use;

e. There had been insufficient studies regarding the safety and efficacy of the Diet Drugs for use in treating weight loss;

f. That prior studies, research, reports and/or testing had been conducted linking the use of the drug or similar drugs, to serious adverse reactions, including, but not limited to, pulmonary hypertension, and VHD;

g. The fact Defendants knew, or should have known of twenty-five (25) cases of heart-valve damage reported in Belgium and/or elsewhere in Europe related to the drug or similar drugs;

h. The fact that Defendants knew or should have known of the greatly increased risk of developing pulmonary hypertension, as well as a great number of reports of the disorder related to the drugs' use;

i. the known number of cases reported to Defendants of persons who had contracted pulmonary hypertension after ingesting Diet Drugs;

j. The results of studies on animals, which revealed marked abnormalities in the cardiac and/or pulmonary tissues of these animals following diet drug ingestion;

k. The safety and efficacy of Diet Drugs in labeling, advertising, product inserts, and other materials;

l. The number of deaths that had been associated with Diet Drugs, the number of cases of heart valve damage associated with the drug, the number of cases of pulmonary hypertension associated with the drug, and the fact that the drug had been associated with pulmonary hypertension and VHD;

m. That the Diet Drugs were less effective than a placebo in achieving their intended purpose; and

n. The nature and extent of any beneficial health effect the Diet Drugs would provide the user.

147. The misrepresentations alleged above were perpetuated directly and indirectly by the Defendants.

148.   The fraudulent and/or negligent misrepresentations of Defendants took the form of, among other things, express and implied statements, publicly disseminated misinformation, misinformation provided to regulatory agencies, inadequate, incomplete and misleading warnings about the subject products, failure to disclose important safety and injury information regarding the products while having a duty to disclose to Plaintiffs and others such information.

149.   Defendants knew or should have known that these representations were misleading at the time they were made or omitted, and made the representations with the intent or purpose that Plaintiffs and Plaintiffs' physicians would rely on them, leading to the use of the Diet Drugs by Plaintiffs.

150.   At the time of Defendants' fraudulent and/or negligent misrepresentations, Plaintiffs and Plaintiffs' physicians were unaware of the inaccuracy of the statements being made and believed them to be true.

151.   Plaintiffs' physicians and Plaintiffs justifiably relied on and were induced by the misrepresentations and relied on the absence of adverse safety information in the prescription and ingestion of the Diet Drugs.

152.   Defendants had a post-sale duty to warn Plaintiffs and or Plaintiffs' physicians about the potential risks and complications associated with Diet Drugs in a timely manner.

153.   The misrepresentations by Defendants constitute a continuing tort.

154.   Defendants made the statements and/or omissions with the intention that Plaintiffs, Plaintiffs' prescribing physicians or other dispensing entities and the consuming public would rely on such or the absence of such information in selecting Diet Drugs as a treatment for weight loss.

155.   As a direct and legal result of the fraudulent and/or negligent misrepresentations of Defendants, Plaintiffs have sustained serious and permanent injuries including, but not limited to,

injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. Plaintiffs' injuries and losses are continuing in nature.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, as well as all costs of this action.

## COUNT V
## FRAUDULENT CONCEALMENT
## (AGAINST DEFENDANT INTERNEURON ONLY)

156.  Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth herein.

157.  To date, even in light of the existence of overwhelming scientific proof in the form of countless epidemiologic studies and other tests and/or studies, Defendant, Interneuron, still claims that "[b]ased on the results of studies to date, the incidence of cardiac valve abnormalities has been shown to be less than that suggested by the original FDA preliminary analysis.  In general, these studies have shown either no or relatively small differences, although in some cases statistically significant, between the incidence of cardiac valve abnormalities, as defined by the FDA, among patients who took Redux and placebo-treated patients and that the incidence of such abnormalities among Redux patients was less than previously reported estimate."

158.  Furthermore, in response to law suits which have been brought against Interneuron by shareholders claiming that Interneuron misled shareholders and committed securities fraud relating to its actions associated with the approval and subsequent marketing of Redux, Interneuron has

plainly yet fallaciously stated that it did not conceal known risks regarding Redux, and it has uniformly denied the causal link between Redux ingestion and the injuries referenced herein.

159. Interneuron, having undertaken the manufacturing, marketing, prescription dispensing, distributing and promotion of Redux owed a duty to provide complete and accurate information regarding the drug to Plaintiffs, their physicians, and anyone else it knew or should have known would ingest or prescribe Redux.

160. Interneuron has misrepresented material facts regarding the safety and efficacy of the Diet Drugs, and failed to inform Plaintiffs, the public and Plaintiffs' prescribing physicians these material facts, to this day.

161. The continuous and ongoing course of action constituting fraudulent concealment on Plaintiffs started as early as 1992, if not earlier, and continued through repeated acts and non-disclosure every year since then throughout the United States and elsewhere.

162. Interneuron actively concealed adverse information at a time when it knew, or should have known, that Redux had defects, dangers, and characteristics that were other than what it knew or should have known existed regarding the dangerous side effects associated with Redux.

163. The active concealment alleged were perpetuated directly and indirectly by Interneuron, and took the form of, among other things, express and implied statements, publicly disseminated misinformation, misinformation provided to regulatory agencies, inadequate, incomplete and misleading warnings about the subject products, and a campaign of misinformation intended to convince Plaintiffs, Plaintiffs prescribing physicians, and the public that Redux is not associated with VHD or PH, and is in fact a safe and effective product.

164. Interneuron knew or should have known that these representations were false or misleading at the time they were made or omitted or concealed, and made the representations with the intent or

purpose that Plaintiffs and Plaintiffs' physicians would rely on them, leading to the use of Redux by Plaintiffs, and with the specific intention that Plaintiffs rely on such misrepresentations and concealment by delaying in obtaining appropriate medical care and monitoring, in discovering their injuries associated with the use of Redux, and in discovering that such injuries were caused by the acts and omissions of Interneuron.

165.   Plaintiffs and Plaintiffs' physicians had no knowledge of the information concealed and suppressed by Defendants and were unaware of the inaccuracy of any statements being made and believed them to be true.

166.   Plaintiffs and Plaintiffs' physicians justifiably relied on and were induced by Interneuron's active concealment and relied on such actions, statements, and omissions.

167.   Interneuron had a post-sale duty to warn Plaintiffs and or Plaintiffs' physicians about the potential risks and complications associated with Redux in a timely manner.

168.   The misrepresentations and active concealment by Interneuron constitutes a continuing tort.

169.   Such concealment has served to toll any applicable statute of limitations that applies to Plaintiffs' claims against Interneuron.   As a direct result of the concealment, and their justified reliance thereon, Plaintiffs did not and could not have discovered their injuries caused by the ingestion of Redux, until they received an echocardiogram which indicated the presence of FDA positive valvular heart disease and did not and could not have discovered that such injury was caused by the acts and omissions of Interneuron or their ingestion of Redux..

170.   As a direct and legal result of the fraudulent concealment by Interneuron, Plaintiffs have sustained serious and permanent injuries including, but not limited to, injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. Plaintiffs' injuries and losses are continuing in nature.

WHEREFORE, Plaintiffs demand judgment against Defendant Interneuron for damages, as well as all costs of this action.

**COUNT VI**
**G.L. c. 93A UNFAIR AND DECEPTIVE PRACTICES**
**(AGAINST DEFENDANTS INTERNEURON AND BOEHRINGER ONLY)**

171.   Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth herein.

172.   Defendants Interneuron and Boehringer were at all times material hereto engaged in the conduct of trade and commerce throughout the United States including the Commonwealth of Massachusetts and the States within which Plaintiffs were prescribed and ingested Redux.

173.   Defendants Interneuron and Boehringer engaged in trade and commerce with respect to the design, manufacture, approval, marketing, promotion, distribution and sale of Redux, a defective product, which was unfit for its intended use, and which had risks that substantially outweighed any benefits.

174.   Defendants Interneuron and Boehringer, in furtherance of their business of trade and commerce, did knowingly and willfully fail to disclose to Plaintiffs individually and by and through their physicians information about the risks associated with the ingestion of Redux.

175.   Interneuron and Boehringer made misleading statements and failed to disclose information to Plaintiffs individually and by and through their physicians concerning Redux in its marketing, promotion, distribution, and sale.

52

176.  Interneuron and Boehringer knew the facts concerning Redux were material to Plaintiffs and their physicians in assessing the safety of Redux.  Defendants also knew that withholding this information would place Plaintiffs at further risk of injury.

177.  Interneuron and Boehringer made these misrepresentations and failed to disclose material facts for the purpose of inducing Plaintiffs to purchase and ingest Redux.

178.  Plaintiffs relied to their detriment on Interneuron's and Boehringer's representations that Redux was an effective and relatively risk free diet drug.

179.  As a result of their reliance and as a direct and proximate cause of Interneuron's and Boehringer's willful or knowing unfair or deceptive acts or practices in violation of G.L. c. 93A, § 2, Plaintiffs have sustained serious and permanent injuries including, but not limited to, injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future.  Plaintiffs' injuries and losses are continuing in nature.

180.  Interneuron's and Boehringer's violation of G.L. c. 93A, § 2 entitles Plaintiffs individually to an award of actual damages and reasonable attorney's fees and costs incurred in connection with said action.

181.  Interneuron's and Boehringer's actions which resulted in their failure to provide accurate and sufficient information about the true risks of pulmonary hypertension, VHD and other injuries constitute unfair and deceptive acts and practices as defined in G.L. c. 93A.

182.  Defendants knowingly and willfully engaged in these unfair and deceptive acts and practices in violation of G.L. c. 93A, § 2, entitling Plaintiffs to an award of up to treble but not less than double damages against Defendants Interneuron and Boehringer.

53

183.  Defendants' unfair and deceptive acts and practices occurred primarily and substantially within Massachusetts because, among other things: Defendants' principal place of business is in Lexington, Massachusetts and at all relevant times Defendants and its officials were conducting business in Massachusetts when they engaged in unfair and deceptive acts and practices; and Defendants committed said unfair and deceptive acts in marketing, promoting, packaging, labeling, compounding, distributing, detailing, and/or selling Redux to the public, including Plaintiffs.

184.  Plaintiffs have substantially complied and/or will comply with all requirements of G.L. c. 93A , § 9.

WHEREFORE, Plaintiffs demand judgment against Defendants Interneuron and Boehringer for damages, including actual damages, which Plaintiffs request to be trebled or doubled by the Court, as well as reasonable attorney's fees and costs incurred in connection with this action, and any other relief this Court deems proper.

PLAINTIFFS CLAIM A TRIAL BY JURY.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME  04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: March __10__, 2004

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                    SUPERIOR COURT
MIDDLESEX, SS.

04- 912

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | Civil Action No. 00-9999-G |
| **Theresa Amadeo; Lucretia Dodson; Vivian Dunn; Sharon Estep; John Justice; Janice McKenzie; Rebecca Price; Patty Varnado; Brenda Wheeler; Tamara Wolters,**  Plaintiffs  v.  **Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,**  Defendants | |





FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE
MAR 10 2004

04- 912

## MOTION FOR APPOINTMENT
## OF SPECIAL PROCESS SERVER

Now come the plaintiffs in the above-captioned matter and move that this Court

appoint Constables Philip D. Fixman, Michael B. Fixman and Daniel P. Kochakian of

Michael B. Fixman & Associates (disinterested parties and over the age of eighteen), 72

Hancock Street, P.O. Box 83, Everett, Massachusetts or a representative thereof, as

Special Process Server, for the purpose of serving any and all process served in this case,

including but not limited to the Complaint.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
MAR 10 2004
CLERK

DATED: March 10, 2004

Doc. 344560

2/10/04
(date)

Endorsed,
Allowed

MOTION

Attest: _____ Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                                    SUPERIOR COURT
MIDDLESEX, SS.

| | |
|---|---|
| IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION | Civil Action No. 00-9999-G |
| Theresa Amadeo; Lucretia Dodson; Vivian Dunn; Sharon Estep; John Justice; Janice McKenzie; Rebecca Price; Patty Varnado; Brenda Wheeler; Tamara Wolters, | |
| Plaintiffs | C.A. NO. 04-912 |
| v. | |
| Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc., | FIRST AMENDED COMPLAINT |
| Defendants | |

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE ___
APR ___ 2004
Edward J. Sullivan
CLERK

Plaintiffs hereby adopt and incorporate the entire original complaint, amended only as follows:

1.     The title of Count I is amended to:

BREACH OF WARRANTY
DEFECTIVE DESIGN

2.     The title of Count II is amended to:

BREACH OF WARRANTY
FAILURE TO WARN

3.    The following paragraph 185 is added:

185.    Plaintiffs have pursuant to Massachusetts G.L. c. 93A sent to Interneuron

and Boehringer a letter of demand for settlement.

_____

Edward J. Barshak (BBO No. 032040)
Michael S. Appel (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME  04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: April _16_, 2004

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......................, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.    04-912

THERESA AMADEO, ET ALS.
.............................................., Plaintiff(s)

v.

INDEVUS PHARMACEUTICALS, INC.
f/k/a INTERNEURON PHARMACEUTICALS,
INC., ET ALS. ........................., Defendant(s)

CLERK

## SUMMONS

To the above-named Defendant:  Wyeth, Inc., f/k/a
American Home Products Corporation

You are hereby summoned and required to serve upon Edward J. Barshak, Sugarman, Rogers,
Barshak & Cohen, P.C. ........................ plaintiff's attorney, whose address is 101 Merrimac Street,
..Boston, MA  02114................................................., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ..............................
..Cambridge..................................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ........ Cambridge
the ...........................7th............................ day of ........May
...................., in the year of our Lord ........2004..................  .

Edward J. Sullivan
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ............................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................................................
.................................................................................................................................................
.................................................................................................................................................
                         ........................................................................................

Dated: .................................................................................................

**N.B.  TO PROCESS SERVER:**
        **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
        ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

(      ..........................................., ......... )

( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.**

**MIDDLESEX** ......, **ss.**

........................., Plff.

v.

........................., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...May 7, 2004............................................

20.......... I served a copy of the within summons, together with a copy of the complaint in this action,

upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

also served first amended complaint, civil action cover sheet and tracking
order: Served at Corporation Service Company, 84 State St., 5th fl., Boston, MA
Served in hand to Bernardo Montanez, process clerk for Corporation Service
Company and agent authorized to accept service on behalf of

Wyeth, Inc., f/k/a American Home Products Corporation.

Michael B. Fixman, Constable
Court Appointed Special Process Server

Dated: ...May 7, 2004.....................

**N.B. TO PROCESS SERVER:**

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( May 7, 2004 ........................, ......... )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ................., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. .................

............., Plff.

v.

............., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX........., ss
[seal]

*5*

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 04-912

THERESA AMADEO, ET ALS., Plaintiff(s)

v.

INDEVUS PHARMACEUTICALS, INC.
f/k/a INTERNEURON PHARMACEUTICALS, Defendant(s)
INC., ET ALS.

## SUMMONS

Indevus Pharmaceuticals, Inc., f/k/a
Interneuron Pharmaceuticals, Inc.

To the above-named Defendant:

You are hereby summoned and required to serve upon Edward J. Barshak, Sugarman, Rogers, Barshak & Cohen, P.C. plaintiff's attorney, whose address is 101 Merrimac Street, Boston, MA 02114, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge the 7th day of May, in the year of our Lord 2004 .

*Edward J Sullivan*

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on .............................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.............................................................................................................................................

.............................................................................................................................................

.............................................................................................................................................

                         ...........................................................................................

Dated: ...............................................................................................................

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( .............................................................., ........... )

( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX ........ ss.

........................ Plff.

v.

........................ Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ...May 7, 2004............

20.........,... I served a copy of the within summons, together with a copy of the complaint in this action,

upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

also served first amended complaint, civil action cover sheet and tracking order: Served at Corporation Service Company, 84 State St., 5th fl., Boston, MA Served in hand to Bernardo Montanez, process clerk for Corporation Service Company and agent authorized to accept service on behalf of

Indevus Pharmaceuticals, Inc., f/k/a Interneuron Pharmaceuticals, Inc.

Michael B. Fixman, Constable
Court Appointed Special Process Server

Dated: ....May 7, 2004........

**N.B. TO PROCESS SERVER:**

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( May 7, 2004 ............................, ......... )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ...... ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

...................... Plff.

v.

...................... Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                          SUPERIOR COURT
MIDDLESEX, SS.

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | Civil Action<br>No. 00-9999-G |
| **Theresa Amadeo; Lucretia Dodson;<br>Vivian Dunn; Sharon Estep;<br>John Justice; Janice McKenzie;<br>Rebecca Price; Patty Varnado;<br>Brenda Wheeler; Tamara Wolters,**<br><br>Plaintiffs<br><br>v.<br><br>**Indevus Pharmaceuticals, Inc., F/K/A<br>Interneuron Pharmaceuticals, Inc.;<br>Wyeth, Inc., F/K/A American Home<br>Products Corporation;<br>Wyeth Pharmaceuticals, Inc F/K/A<br>Wyeth-Ayerst Pharmaceuticals,<br>Inc., A Division Of American Home Products<br>Corporation; and Boehringer Ingelheim<br>Pharmaceuticals, Inc.,**<br><br>Defendants | <u>C.A. NO. 04-912</u> |

<u>**PLAINTIFFS' AFFIDAVIT OF SERVICE IN COMPLIANCE WITH<br>MASSACHUSETTS GENERAL LAWS, CHAPTER 223A, § 6**</u>

I, Michael S. Appel, counsel for the plaintiffs in the above-entitled action, say that

on May 7, 2004, I gave written notice to the defendant, Wyeth Pharmaceuticals, Inc.

F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., of filing a Complaint against it by mailing a

letter, postage prepaid, certified mail and return receipt requested, enclosing therein a

copy of the (1) Summons; (2) Complaint; (3) Amended Complaint; (4) Civil Action

349195

Cover Sheet; and (5) Tracking Order, to the defendant at 500 Arcola Road, Collegeville,

PA 19426-3982.

     Said return receipt is attached hereto.

     SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _17_

DAY OF MAY, 2004.

                        Edward J. Barshak, (BBO No. 032040)
                        Michael S. Appel, (BBO No. 543898)
                        Sugarman, Rogers, Barshak & Cohen, P.C.
                        101 Merrimac Street, 9th Floor
                        Boston, MA 02114
                        (617) 227-3030

Dated:

## CERTIFICATE OF SERVICE

I, Michael S. Appel, attorney for plaintiffs, hereby certify that I have this day forwarded
the within Defendant's Affidavit of Service in Compliance with Mass. General Laws,
Chapter 223A, §6 by mailing a copy of same, postage prepaid, first-class mail, to all
parties.

                        Michael S. Appel

Dated:

349195



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

EDWARD J. BARSHAK
barshak@srbc.com

May 7, 2004

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
7002 0860 0007 4926 2265

President
Wyeth Pharmaceuticals, Inc.
500 Arcola Road
Collegeville, PA  19426-3982

Re:     *Theresa Amadeo, et als., v. Indevus Pharmaceuticals, Inc., et als.*
        Middlesex Superior Court, Civil Action No. 04-912

Dear Sir/Madam:

Enclosed herewith in the above-entitled matter, please find a copy of the following documents:

1.     Complaint;
2.     First Amended Complaint;
3.     Tracking Order;
4.     Civil Action Cover Sheet; and
5.     Summons.

An answer is required within 20 days of your receipt of this letter.  Service is hereby made upon you in accordance with Massachusetts General Laws, Chapter 223A.

Very truly yours,

Edward J. Barshak

Enclosures

Cc:     Samuel W. Lanham, Jr., Esquire
        Neil D. Overholtz, Esquire

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                        SUPERIOR COURT
MIDDLESEX, SS.

---

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | **Civil Action No. 00-9999-G** |
| **Theresa Amadeo; Lucretia Dodson; Vivian Dunn; Sharon Estep; John Justice; Janice McKenzie; Rebecca Price; Patty Varnado; Brenda Wheeler; Tamara Wolters,** | |
| Plaintiffs | **C.A. NO. 04-912** |
| v. | |
| **Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,** | |
| Defendants | |

---

## PLAINTIFFS' AFFIDAVIT OF SERVICE IN COMPLIANCE WITH MASSACHUSETTS GENERAL LAWS, CHAPTER 223A, § 6

I, Michael S. Appel, counsel for the plaintiffs in the above-entitled action, say that

on May 7, 2004, I gave written notice to the defendant, Boehringer Ingelheim

Pharmaceuticals, Inc., of filing a Complaint against it by mailing a letter, postage prepaid,

certified mail and return receipt requested, enclosing therein a copy of the (1) Summons;

(2) Complaint; (3) Amended Complaint; (4) Civil Action Cover Sheet; and (5) Tracking

Order, to the defendant at 900 Ridgebury Road, Ridgefield, CT  06877-1058.

349196

Said return receipt is attached hereto.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _17_

DAY OF MAY, 2004.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Dated:

## CERTIFICATE OF SERVICE

I, Michael S. Appel, attorney for plaintiffs, hereby certify that I have this day forwarded the within Defendant's Affidavit of Service in Compliance with Mass. General Laws, Chapter 223A, §6 by mailing a copy of same, postage prepaid, first-class mail, to all parties.

Michael S. Appel

Dated:

349196



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

EDWARD J. BARSHAK
barshak@srbc.com

May 7, 2004

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
7002 0860 0007 4926 2258

President
Boehringer Ingelheim Pharmaceuticals, Inc.
900 Ridgebury Road
Ridgefield, CT  06877-1058

  Re: *Theresa Amadeo, et als., v. Indevus Pharmaceuticals, Inc., et als.*
    Middlesex Superior Court, Civil Action No. 04-912

Dear Sir/Madam:

Enclosed herewith in the above-entitled matter, please find a copy of the following documents:

  1. Complaint;
  2. First Amended Complaint;
  3. Tracking Order;
  4. Civil Action Cover Sheet; and
  5. Summons.

An answer is required within 20 days of your receipt of this letter.  Service is hereby made upon you in accordance with Massachusetts General Laws, Chapter 223A.

      Very truly yours,

      Edward J. Barshak

Enclosures

Cc: Samuel W. Lanham, Jr., Esquire
  Neil D. Overholtz, Esquire